Argued and submitted May 8, ballot title certified June 1, 2001

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48279)

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48282)
(Consolidated for Argument and Opinion)

26 P3d 140

Ernest J. Simmons, Portland, argued the cause for petitioner Bill Sizemore. Gregory W. Byrne, Portland, filed the petition.

Steven Novick, Portland, argued the cause and filed the petition *in propria persona* for himself.

David Coursen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

These two ballot title review proceedings have been consolidated for oral argument and opinion. These proceedings are brought under ORS 250.085(2) and concern the Attorney General's certified ballot title for a proposed initiative measure, denominated by the Secretary of State as Initiative Petition 18 (2002). Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title. Accordingly, they are entitled to seek review in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it complies substantially with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5).

Petitioners challenge the Attorney General's caption, "no" vote result statement, and summary. We have considered each of petitioners' arguments and conclude that none is well taken. Accordingly, we certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: PROHIBITS PAYROLL DEDUCTION IF ANY PORTION USED FOR "POLITICAL PURPOSES" (DEFINED) WITHOUT EMPLOYEE'S WRITTEN AUTHORIZATION

RESULT OF "YES" VOTE: "Yes" vote prohibits payroll deductions if any portion is used for "political purposes" (as defined) without an employee's written, and annually renewed, authorization.

RESULT OF "NO" VOTE: "No" vote retains, without modification, current provisions governing authorization of payroll deductions used for "political purposes" (as defined).

SUMMARY: Amends Constitution. Current law allows payroll deductions required by law, or authorized by written permission or collective bargaining agreement; unions cannot require political contributions. Measure prohibits payroll deductions used for "political purposes" without employee's permission annually granted on form used for this purpose. Legislature must ensure personal information is neither on this form nor publicly available. Money is used for "political purposes" when any portion is: contributed to candidate, political committee, or party; spent

supporting or opposing ballot measure or public-office candidate; or commingled with money used for "political purposes." Money is not used for "political purposes" when spent lobbying, unless spent on certain communications identifying public-office candidate in election set within 60 days of communication. Establishes civil penalties for violations. Other provisions.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).